**Steven Jones** (ASB #031438)
**MORGAN & MORGAN ARIZONA LLC**
2355 East Camelback Road, Suite 335
Phoenix, AZ 85016
Email: steven.jones@forthepeople.com
Telephone: (602) 627-2322
Fax: (602) 627-2213

**C. Ryan Morgan** (*pro hac vice forthcoming*)
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tel: 407-418-2069
E-mail: RMorgan@forthepeople.com

**Gregg I. Shavitz** (*pro hac vice forthcoming*)
**Marilyn Linares** (*pro hac vice forthcoming*)
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: gshavitz@shavitzlaw.com
mlinares@shavitzlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Bobbi Stolarski, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**SMITH'S FOOD & DRUG CENTERS, INC., d/b/a FRY'S FOOD AND DRUG,**<br><br>Defendant. | Case No. _____<br>FLSA Collective Action<br><br>**Plaintiff's Collective Action Complaint for Damages**<br><br><br><br><br>Jury Trial Demanded |

- 1 -

# SUMMARY

1. Like many other grocery stores across the United States, Smith's Food & Drug Centers, Inc. d/b/a Fry's Food and Drug ("Fry's Food") has seen an increase in customers utilizing web-based, e-commerce platforms to make their grocery purchases.

2. As such, Fry's Food employs workers to help fill the e-commerce orders received from customers through its website or app.

3. Once such position is an "e-commerce supervisor," who is classified as exempt and paid a salary with no additional compensation or overtime compensation for hours worked in excess of 40 in a workweek.

4. Plaintiff, who has worked for Fry's Food for approximately five years in total, has worked as an e-commerce supervisor since approximately February 2023.

5. However, Fry's Food misclassifies the e-commerce position as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA").

6. E-commerce supervisors like Plaintiff are not involved in hiring or firing employees of Fry's Food, and as such, cannot be exempt under the FLSA.

7. As a result of this misclassification, Plaintiff and other e-commerce supervisors in each Fry's Food stores have not been paid overtime compensation for the overtime hours worked by them, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

8. Plaintiff brings this lawsuit to recover these unpaid overtime wages and other damages owed by Fry's Food to her and other e-commerce supervisors.

9. This action seeks to recover the unpaid wages and other damages owed by Fry's Food to all these workers, along with the penalties, interest, and other remedies provided by federal law.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Fry's Food operates grocery stores in this District.

12. Plaintiff worked for Fry's Food in this District, specifically in Tempe, Arizona.

13. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

14. Plaintiff Bobbi Stolarski is a natural person.

15. Plaintiff was, at all relevant times, an employee of Fry's Food.

16. Plaintiff has worked as an e-commerce supervisor for Fry's Food from February 2023 to present in Tempe, Arizona.

17. As an e-commerce supervisor, Plaintiff worked about 55-60 hours per week. Plaintiff was not paid any wages or overtime wages for hours worked in excess of 40 hours per week for Defendant's benefit.

18. Since February 2023, Plaintiff has worked as a salaried "e-commerce supervisor."

19. Plaintiff represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former salaried e-commerce supervisors for Fry's Food who worked in Arizona at any time from January 21, 2022 until the present.**

20. Throughout this Complaint, the FLSA Collective members are also referred as the "Similarly Situated Workers."

21. Defendant Smith's Food & Drug Centers, Inc. d/b/a Fry's Food and Drug is a grocery chain which operates approximately 129 grocery stores in the state of Arizona. *See* https://www.frysfood.com/stores/grocery (last visited January __, 2025).

22. Fry's Food is a subsidiary of The Kroger Co.

23. Defendant Smith's Food & Drug Centers, Inc. d/b/a Fry's Food and Drug is an Ohio Corporation with its registered agent (Corporation Service Company) located in Phoenix, Arizona.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Fry's Food was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Fry's Food was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. Fry's Food was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. During at least the last three years, Fry's Food has had gross annual sales in excess of $500,000.

28. Fry's Food was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

29. Fry's Food employs many workers, including Plaintiff, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or

otherwise work on goods or materials that have been moved in or produced for commerce by any person.

30. The goods and materials handled, sold, or otherwise worked on by Plaintiff and other Fry's Food employees and that have been moved in interstate commerce include, but are not limited to, food, drink, grocery supplies, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

31. The activities performed by Plaintiff and other Fry's Food employees were in connection with the operation of Fry's Food's hospitals. 29 U.S.C. § 203(r)(2)(A).

**FACTS**

32. Fry's Food is a grocery chain with approximately 129 locations in Arizona.

33. Many of Fry's Food's employees are non-exempt workers.

34. However, Fry's Food employs some workers which it classifies as salary exempt under the FLSA.

35. One such position is the e-commerce supervisor, which Fry's Food purportedly classifies as exempt under the FLSA's executive exemption. *See* 29 C.F.R. 541.100 (outlining Executive Exemption elements).

36. However, Plaintiff and other e-commerce supervisors cannot be exempt under this exemption because their primary duties are non-exempt tasks, Defendant cannot prove that Plaintiff and other e-commerce supervisors' primary duty is management work, and these workers are not involved in hiring or firing employees of Fry's Food.

37. During her tenure, as an e-commerce supervisor, Plaintiff has not hired or fired employees, or given recommendations for same.

38. In fact, during her employment as an e-commerce supervisor, there were times when new employees would show up in the e-commerce department without Plaintiff even knowing such person had been hired.

39. As such, Fry's Food has misclassified Plaintiff and other e-commerce supervisors as exempt under the FLSA, and has failed to pay these workers wages or overtime compensation for overtime hours worked.

40. During her employment as an e-commerce supervisor, Plaintiff often works 55-60 hours per week or more without additional overtime compensation.

41. Fry's Food has also failed to track the accurate hours worked by Plaintiff and other e-commerce supervisors in violation of the FLSA.

42. Upon information and belief, Fry's Food did not conduct any audit, analysis, or study to assess whether Plaintiff and other e-commerce supervisors are correctly classified as exempt from overtime compensation.

43. Upon information and belief, Fry's Food also failed to inquire and ensure that the primary duties of Plaintiff and other e-commerce supervisors were exempt job duties like management.

44. Fry's Food classifies Plaintiff and other e-commerce supervisors as exempt pursuant to a corporate policy and/or practice to limit labor costs. Fry's Food has a practice to limit labor costs and overtime expenses relating to hourly-paid employees in its stores. Fry's Food requires that Plaintiff and e-commerce supervisors work overtime hours without pay (instead of the hourly employees) to save on overtime costs, because Fry's Food does not pay overtime wages to Plaintiff and other e-commerce supervisors and classifies them as exempt from overtime pay.

45. Plaintiff and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Fry's Food under federal law and state law.

## COLLECTIVE ACTION ALLEGATIONS

46. Numerous individuals were victimized by Fry's Food's patterns, practices, and policies, which are in willful violation of the FLSA.

47. Based on her experiences and tenure with Fry's Food, Plaintiff is aware that Fry's Food's illegal practices were imposed on the FLSA Collective.

48. Fry's Food knew that Plaintiff and its other e-commerce supervisors were not involved in hiring/firing employees and thus couldn't be exempt under federal or state law.

49. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

50. These employees are victims of Fry's Food's unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

51. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

52. Each member of the FLSA Collective is an e-commerce supervisor with similar job duties and who was paid a salary with no overtime compensation.

53. Fry's Food's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

54. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION—VIOLATIONS OF THE FLSA

55. Plaintiff incorporates all other allegations.

56. By failing to pay Plaintiff and the FLSA Collective members overtime premiums for overtime hours worked, Fry's Food violated the FLSA. 29 U.S.C. §207.

57. Fry's Food owes Plaintiff and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

58. Fry's Food knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

59. Because Fry's Food knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Fry's Food owes these wages for at least the past three years.

60. Fry's Food's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

61. Because Fry's Food's decision not to pay overtime was not made in good faith, Fry's Food also owes Plaintiff and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

62. Accordingly, Plaintiff and the FLSA Collective members are entitled to their full unpaid wages under the FLSA, including overtime pay in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Plaintiff prays for judgment against Fry's Food as follows:

    a.    For an order certifying a collective action for the FLSA claims;

    b.    For an order finding Fry's Food liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective members covered by this case;

d. For a judgment awarding attorneys' fees to Plaintiff and FLSA Collective members covered by this case;

e. For a judgment awarding costs of this action to Plaintiff and all FLSA Collective members covered by this case;

f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective members covered by this case; and

g. For all such other and further relief as may be necessary and appropriate.

Date: January 27, 2025

Respectfully submitted,

By: */s/ Steven J. Jones*
Arizona Managing Attorney
Morgan & Morgan Arizona, PLLC
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

By: */s/ Steven J. Jones*
Arizona Managing Attorney
Morgan & Morgan Arizona, PLLC
*Attorneys for Plaintiff*